UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES of AMERICA | ) | |
| | ) | |
| vs. | ) | No. 23-cr-435-RBW |
| | ) | |
| MICHEAL BRADLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR DISCLOSURE OF DOCUMENTS

Defendant Micheal Bradley, through undersigned counsel, respectfully requests that the Court order the United States Probation Office ("USPO") to provide Defendant with copies of documents relied upon by USPO in preparing its Draft Pre-Sentence Investigation Report (Oct. 29, 2024) [ECF No. 73] (the "Draft PSR"). In support of this Motion, Defendant states as follows:

1. In its calculation of Defendant's Criminal History Category, the Draft PSR attributes to Defendant three points pursuant to U.S.S.G. §§4A1.1(a) and 4A1.2(k) for a 1998 conviction for violation of Georgia's Controlled Substances Act. Draft PSR ¶58. The USPO has shown defense counsel documentation the USPO obtained from the Georgia Department of Corrections regarding Defendant's criminal history, on which the USPO has relied in calculating Defendant's criminal history Category. The USPO contends that these documents indicate that Defendant was incarcerated for the 1998 conviction within the 15-year "look-back" period prescribed by U.S.S.G. §4A1.2(e)(1). For the following reasons, Defendant believes this to be incorrect:

    a. According to the Draft PSR, Defendant pled guilty to the 1998 marijuana offense on September 13, 1999, and was sentenced to two years' probation. Draft PSR ¶58. However, on January 26, 2001, his probation was revoked, and he was sentenced to 1 year, 8 months, and 7 days incarceration. *Id.* He was then paroled on November 7, 2001, after serving approximately 9 months' incarceration.

b. Defendant was arrested for a parole violation on March 28, 2002, and found guilty of that violation on April 16, 2002. *Id.* None of the documents USPO shared with defense counsel indicated that Defendant was given additional time on April 16, 2002, when he was found to have violated parole.[1] And since Defendant had already served – at the time of the parole violation – approximately nine months of his sentence, his remaining term would have totaled less than one year, and he would have been released before April 16, 2003, well beyond the 15-year "look-back" period.[2] *Id.*

c. Although the USPO purported to share with defense counsel all of the documentation it had received from the Georgia Department of Corrections concerning Defendant, none of those documents indicated that Defendant was incarcerated after 2003.

d. One of the documents USPO shared with defense counsel indicated that Defendant was paroled from both the 1999 marijuana offense and the 2002 methamphetamine offense on September 26, 2007. However, given the above-cited facts, this is obviously incorrect, and Defendant's sentence for the 1999 marijuana offense should not be counted toward his criminal history. U.S.S.G. §4A1.2(e)(3).

2. Defense counsel requires copies of the documents on which USPO relies in calculating Defendant's criminal history in order to contest that calculation.

3. Counsel for the United States has informed undersigned counsel that the United States has no objection to the relief requested herein.

WHEREFORE, Defendant respectfully requests that the Court order the United States Probation Office to provide Defense Counsel with copies of all documents which the Probation Office has obtained, from the Georgia Department of Corrections of any other source, regarding Defendant's criminal history.

---

[1] The Draft PSR does not assert that Defendant was given additional time after the parole violation.

[2] And even if he had been required to serve the entire 1 year, 8 month, 7 days term following his parole violation – and there is no evidence that this was the case – he would have been released by the end of 2003.

Dated: November 12, 2024                    Respectfully submitted,


                                             /s/ Paul F. Enzinna
                                            D.C. Bar No. 421819
                                            Ellerman Enzinna Levy PLLC
                                            1050 30th Street, NW
                                            Washington, DC 20007
                                            202.753.5553
                                            penzinna@eellaw.com


                                            *Counsel for Defendant Micheal Bradley*

<u>CERTIFICATE OF SERVICE</u>

I certify that on November 12, 2024, a copy of the foregoing Defendant's Motion for Disclosure of Documents was served upon the United States Probation Office by email and USPS First-Class mail, and was filed using the CM/ECF system, which will then send notification of such filing to all counsel of record.

Dated:  November 12, 2024                    Respectfully submitted,


 /s/ Paul F. Enzinna
Ellerman Enzinna Levy PLLC
1050 30th Street, NW
Washington, DC 20007
202.753.5553
penzinna@eellaw.com

*Counsel for Defendant Micheal Bradley*