UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES of AMERICA ) | |
| ) | |
| vs. ) | No. 23-cr-435-RBW |
| ) | |
| MICHEAL BRADLEY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
## TO CONTINUE SENTENCING AND FOR RELEASE PENDING SENTENCING

Defendant Micheal Bradley, through undersigned counsel, respectfully moves the Court for an Order continuing sentencing for 90 days, and for release pending sentencing.

### FACTS

After the events of January 6, 2021, the United States Department of Justice undertook "one of the largest, most complex, and most resource-intensive investigations in our history;" *i.e.,* "the investigation and prosecution of those responsible" for "the attack on the U.S. Capitol that disrupted a joint session of the U.S. Congress in the process of affirming the presidential election results." Attorney General Merrick B. Garland, *Statement on the Second Anniversary of the January 6 Attack on the Capitol (January 4, 2023), available at* https://www.justice.gov/opa/pr/attorney-general-merrick-b-garland-statement-second-anniversary-january-6-attack-capitol. The United States has alleged that that "attack" was part of a plot by then-President Donald Trump. In its criminal case against him, the government has alleged that:

> [O]n the morning of January 6 [2021], [then-President Trump] and co-conspirators repeated knowingly false claims of election fraud to gathered supporters, falsely told them that the Vice President had the authority to and might alter the election results, and directed them to the Capitol to obstruct the certification proceeding and exert pressure on the Vice President to take the fraudulent actions he had previously refused.

Indictment, *United States v. Donald J. Trump,* No. 23-cr-257-TSC, (Aug. 1, 2023) [ECF No. 1].

On November 8, 2024, the United States filed an Unopposed Motion to Vacate Briefing Schedule in its criminal action against Donald Trump for his role in the events of January 6, 2021. Government's Unopposed Motion to Vacate Briefing Schedule, *United States v. Trump,* No. 23-cr-257-TSC, (Nov. 8, 2024) [ECF No. 278]. In that Motion, the government recognized that the "unprecedented circumstance" of Donald Trump's re-election as President requires a re-assessment of its treatment of the events of January 6, 2021, and a pause in the proceedings to "determine the appropriate course going forward consistent with Department of Justice policy." *Id.* at 1. The Court granted that Motion the day it was filed. Minute Order, *United States v. Trump*, No. 23-cr-257-TSC (Nov. 8, 2024).

This re-assessment of DOJ policy, and its effect on DOJ's prosecution of January 6 cases, will take place in the context of the transition from the current administration to the next. Once that transition is made – in fewer than 60 days – it is likely, if not certain, that DOJ policy toward January 6 prosecutions will change markedly.

Moreover, President-Elect Trump has characterized individuals, like Defendant, convicted of offenses arising from events at the Capitol on January 6, 2021, as "patriots" who have been "wrongfully imprisoned," and he has vowed to pardon them upon his return to office. Marianne LeVine, Isaac Arnsdorf & Clara Ence Morse, *Trump escalates solidarity with Jan. 6 rioters as his own trials close in,* The Washington Post (Mar. 23, 2024), *available at* [https://www.washingtonpost.com/elections/2024/03/23/trump-jan-6-rioters-rhetoric-campaign/](https://www.washingtonpost.com/elections/2024/03/23/trump-jan-6-rioters-rhetoric-campaign/); Soo Rin Kim & Lalee Ibsaa, *Trump promises to "free" Jan. 6 rioters on first day back in White House if reelected,* ABC News (Mar. 12, 2024), *available at* [https://abcnews.go.com/Politics/trump-promises-free-jan-6-rioters-day-back/story?id=108050867](https://abcnews.go.com/Politics/trump-promises-free-jan-6-rioters-day-back/story?id=108050867); *see also* Jordan Rubin, *Trump vows to pardon Jan. 6 defendants*

on *"Day One" if he wins the presidential election,* MSNBC (September 9, 2024), *available at* [https://www.msnbc.com/deadline-white-house/deadline-legal-blog/trump-jan-6-pardons-day-one-2024-election-rcna170194](https://www.msnbc.com/deadline-white-house/deadline-legal-blog/trump-jan-6-pardons-day-one-2024-election-rcna170194); Ryan J. Reilly, *Donald Trump says again he would "absolutely" pardon Jan. 6 rioters,* NBC News (July 31, 2024), *available at* [https://www.nbcnews.com/politics/justice-department/donald-trump-says-absolutely-pardon-jan-6-rioters-rcna164565](https://www.nbcnews.com/politics/justice-department/donald-trump-says-absolutely-pardon-jan-6-rioters-rcna164565); Tom Dreisbach & Noah Caldwell, *The Trump campaign embraces Jan. 6 rioters with money and pardon promises,* National Public Radio (Jan. 4, 2024), *available at* [https://www.npr.org/2024/01/04/1218672628/the-trump-campaign-embraces-jan-6-rioters-with-money-and-pardon-promises](https://www.npr.org/2024/01/04/1218672628/the-trump-campaign-embraces-jan-6-rioters-with-money-and-pardon-promises). Thus, even if DOJ continues its prosecution of January 6 defendants, it is very likely that defendants convicted of charges arising from events at the Capitol on January 6, 2021, will be pardoned for those offenses.

This Court found Defendant guilty of several offenses arising from the same facts, and the same DOJ policies, as those animating the United States' criminal case against President-Elect Trump. The "unprecedented circumstances" that led the United States to seek a pause in its criminal case against President-Elect Trump, to "determine the appropriate course going forward consistent with Department of Justice policy," call for a similar pause in this case.

## ARGUMENT

### I. The Court Should Continue Sentencing.

The Court should continue sentencing until after the inauguration of the President-Elect, and the transition to a new administration. *First,* it is very likely that in the new administration, the Department of Justice will adopt different policies, which could result in dismissal of the charges against Defendant. Moreover, as discussed above, it is highly likely that the new President will pardon Defendant.

Although the Court has found Defendant guilty, he has not been convicted, because he has yet to be sentenced. *See Berman v. United States,* 375 U.S. 169, 172 (1963) ("Final judgment in a criminal case means the sentence. The sentence is the judgment."); *United States v. Arpaio,* 951 F.3d 1001, 1006 (9th Cir. 2020) ("there is no final judgment of conviction" in criminal case in which defendant was pardoned after verdict but before sentencing). The entry of a judgment of conviction would result not only in the imposition of a sentence of incarceration, but various collateral consequences that have yet to attach, and which would remain even if Defendant is pardoned. For example, the United States Sentencing Guidelines provide that a conviction for which a defendant is pardoned is to be counted toward that defendant's criminal history. U.S.S.G. §4A1.2 Appl. Note 10. A pardoned conviction may also be the basis for sentencing enhancement in a subsequent criminal case, *United States v. Munoz,* 812 F.3d 439, 442 (5th Cir. 2016) ("[t]he Supreme Court has long recognized that pardoned offenses may be used for sentencing enhancement purposes") (citing *Carlesi v. New York,* 233 U.S. 51, 59 (1914), or issue preclusion in a civil case, *Lettsome v. Waggoner*, 672 F. Supp. 858, 863 (D.V.I. 1987).

To rush to sentence Defendant now, before the inauguration of the new administration (which will take place in 60 days), would impose these consequences on Defendant despite the fact that the incoming administration – which was elected by a majority of both the popular vote and the Electoral College – has made clear that the policy of the United States going forward will be to forego these consequences.

*Second,* it would save both judicial and government resources if sentencing is continued until after the inauguration of the President-Elect and the new Administration. It would be the height of inefficiency for the Court to sentence Defendant – which would (a) require both the attorneys for the government (one of whom resides in California) and

Defendant's court-appointed counsel to prepare sentencing memoranda and attend the sentencing hearing; (b) require that Defendant be transported from jail to the Court for sentencing; and (c) result in the Defendant's transfer from his current custody by the D.C. Department of Corrections to the United States Bureau of Prisons, and his assignment and transfer to a BOP facility – only for the Defendant to be pardoned weeks later.

## II. Defendant Should Be Released Pending Sentencing.

Following the verdict in this case, the Court ordered that Defendant be detained pursuant to 18 U.S.C. §3143(a)(2). That provision requires the Court to detain a defendant convicted of certain offenses, but includes an exception, where "the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted." 18 U.S.C. §3143(a)(2)(A)(i). The purpose of this provision is, obviously, to spare a defendant from incarceration where there is a likelihood that the defendant ultimately will not be required to serve time. That is the case here – as discussed above, it is highly likely that the Defendant will be pardoned, in the very near future, for the offenses of which he has been convicted, vitiating any sentence of incarceration.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court continue his sentencing for 90 days, and order that he be released pending sentencing.

Dated: November 20, 2024         Respectfully submitted,

 /s/ Paul F. Enzinna
D.C. Bar No. 421819
Ellerman Enzinna Levy PLLC
1050 30th Street, NW
Washington, DC 20007
202.753.5553
penzinna@eellaw.com

*Counsel for Defendant Micheal Bradley*

5