**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal Action No. 23-435 (RBW) |
| MICHAEL BRADLEY, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

On November 20, 2024, the defendant, filed a motion seeking "an Order [from the Court] continuing [his] sentencing [hearing] for [ninety] days, and for release [from detainment] pending sentencing." Defendant's Motion to Continue Sentencing and for Release Pending Sentencing ("Def.'s Mot.") at 1, ECF No. 77. The defendant believes that in light of the results of the 2024 Presidential Election, "it is very likely that defendants [such as himself, who have been or will be] convicted of charges arising from [the] events at the [U.S.] Capitol on January 6, 2021, will be pardoned for those offenses[ by President-elect, Donald J. Trump]." Def.'s Mot., Exhibit ("Ex.") 1 (Memorandum in Support of Defendant's Motion to Continue Sentencing and for Release Pending Sentencing ("Def.'s Mem.")) at 3, ECF No. 77-1. In opposition to the defendant's motion, the government argues that "President Trump's re-election . . . should have no effect on the timeline in this case, nor should it affect the [d]efendant's release status." Government's Opposition to Defendant's Motion for Release From Custody and to Continue the Sentencing ("Gov't's Opp'n") at 1, ECF No. 79.

First, in regards to the defendant's release status, relevant here is only whether the defendant has established "by clear and convincing evidence that [ ] [he] is not likely to flee or pose a danger to the safety of any other person or the community if released[ pending

sentencing.]" 18 U.S.C. § 3143(a). The defendant relies on an exception to this statutory mandate where "the judicial officer finds there is a substantial likelihood that a motion for acquittal or a new trial will be granted[,]" 18 U.S.C. § 3143(a)(2)(A)(i); see Def.'s Mot., Ex. 1 (Def.'s Mem.) at 5, and that, under such circumstances a defendant should be released pending sentencing. Despite the defendant failing to show that "there is a substantial likelihood that a motion for acquittal or a new trial will be granted[,]" 18 U.S.C. § 3143(a)(2)(A)(i), he argues that, generally speaking, "[t]he purpose of this provision is, obviously, to spare a defendant from incarceration where there is a likelihood that the defendant ultimately will not be required to serve time." Def.'s Mot., Ex. 1 (Def.'s Mem.) at 5 (noting indications by President-elect Donald Trump that he may pardon January 6, 2021, defendants).

However, the statute enumerates two, and only two, exceptions that apply when a judicial officer may release a defendant pending sentencing despite a finding that he may pose a danger to the community—viz., (1) "[where] the judicial officer finds [that] there is a substantial likelihood that a motion for acquittal or new trial will be granted[,]" 18 U.S.C. § 3143(a)(2)(A)(i), and (2) "[where] an attorney for the [g]overnment has recommended that no sentence of imprisonment be imposed on the person[,]" id. § 3143(a)(2)(A)(ii). Here, neither circumstance is applicable. And, as the Court has noted in other cases: "the representation that the defendant will seek a pardon from the newly elected President, [ ] alone[,] is not a basis for the Court to disregard the mandate of § 3143(a)." Order at 3 (Nov. 18, 2024), United States v. Sarsfield, No. 23-138-3 (RBW), ECF No. 285. Speculation about what the future President might do once he takes office cannot trump what the legislature commands a judicial officer must do following a criminal conviction. Thus, the Court concludes that the defendant must remain detained pending his sentencing.

Finally, the Court concludes that the defendant has not provided an adequate basis upon which to continue his sentencing. The Court "has the right to control its own docket to require that cases proceed in an orderly and timely fashion, [and thus,] the conclusion is inescapable that the [C]ourt in exercise of a sound discretion may grant or deny motions for continuances." United States v. Burton, 584 F.2d 485, 490 (D.C. Cir. 1978). And, although the Court "must be wary that it not 'produce[ ] specific substantial prejudice' in denying a motion for a continuance[,]" United States v. Brown, No. 22-cr-114 (TJK), 2024 WL 291741, at *1 (D.D.C. Jan. 24, 2024) (quoting United States v. McClendon, 379 F. App'x 898, 900 (11th Cir. 2010), the Court is unconvinced by the defendant's arguments that the potential consequences of failing to continue his sentencing outweigh the "[public's] interest in a timely resolution of this case." United States v. Bodye, 182 F. Supp. 3d 1, 4 (D.D.C. 2016). Therefore, the Court denies the defendant's motion to continue his sentencing.

Accordingly, it is hereby

**ORDERED** that the Defendant's Motion to Continue Sentencing and for Release Pending Sentencing, ECF No. 77, is **DENIED**.

**SO ORDERED** this 4th day of December, 2024.

_/s/ Reggie B. Walton_<br>
REGGIE B. WALTON<br>
United States District Judge